Filed 6/26/15  P. v. Lewis CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DARREN ALONZO LEWIS,<br><br>Defendant and Appellant. | F068874<br><br>(Super. Ct. No. BF150498A)<br><br>**OPINION** |

-ooOoo-

THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Colette M. Humphrey, Judge.

George L. Cannon, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Gomes, Acting P. J., Franson, J. and Smith, J.

As a result of a plea agreement, Darren Alonzo Lewis pled no contest to voluntary manslaughter (Pen. Code, § 192, subd. (a))[1] and admitted a firearm enhancement (§ 12022.5, subd. (a)). He was sentenced to the agreed-upon term of 21 years in prison. Lewis filed a notice of appeal that included a request for a certificate of probable cause. The certificate asserted, in essence, that Lewis was incompetent to enter a plea in this case as a result of brain damage. The trial court granted the request.

Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 asserting he did not identify any arguable issues in this case. By letter dated June 10, 2014, we invited Lewis to address any issues concerning his appeal that he felt we should address. Lewis did not respond to our letter in a timely fashion.[2]

Our independent review of the record did not identify any arguable issues in this case. Accordingly, we affirm the judgment.

## FACTUAL AND PROCEDURAL SUMMARY

Lewis was charged with the first degree murder of Leo Johnson, Jr. (§ 187, subd. (a)) and with possession of a firearm by a felon (§ 29800, subd. (a)(1)). The murder count also alleged Lewis personally discharged a firearm, causing death within the meaning of section 12022.53, subdivision (d).

The charges arose out of a long and contentious relationship between Lewis and Johnson, who apparently was Lewis's half-brother. There were two eye witnesses to the shooting, Lewis and Johnson's mother and a half-brother. Both told the investigating officers that Lewis and Johnson had had a contentious relationship for a number of years and that Lewis shot Johnson after a short argument.

---

[1]All further statutory references are to the Penal Code unless otherwise stated.

[2]Lewis sent several letters to this court, none before the time limit stated in our invitation to submit issues for our consideration.

A plea agreement was reached wherein the prosecution agreed to amend the information to allege a third count, voluntary manslaughter.  (§ 192, subd. (a).)  This count would allege Lewis personally used a firearm within the meaning of section 12022.5, subdivision (a).  In exchange for Lewis's no contest plea to this new count and his admission to the firearm enhancement, the parties agreed Lewis would be sentenced to a prison term of 21 years (aggravated term of 11 years for manslaughter and an aggravated term of 10 years for the enhancement).

Lewis signed and initialed a "Felony Advisement of Rights, Waiver and Plea Form," which informed him of his trial rights as well as the consequences of his plea. The trial court confirmed Lewis (1) initialed and signed the plea form, (2) discussed the plea form with his attorney, and (3) waived his rights.  The trial court responded to Lewis's questions about the plea and confirmed with defense counsel that he joined in Lewis's waiver of his constitutional rights.  The trial court then accepted Lewis's no contest plea to the voluntary manslaughter charge and his admission to the firearm enhancement.

At the sentencing hearing, Lewis moved to withdraw his plea.  The only ground he conveyed was that he had changed his mind about entering into the plea agreement.  The hearing on the motion was short, so we will quote it in its entirety.

> "THE COURT:  … What would be the legal basis for you withdrawing your plea?
>
> "[LEWIS]:      My attorney said I had a wanted to take the plea, I had a lot going on in my life, fear of everything that's going on.
>
> "THE COURT:  You didn't want to take the plea?
>
> "[LEWIS]:       I thought that was the best thing to do at the time, and [now] I feel otherwise.
>
> "THE COURT:  You've changed your mind?
>
> "[LEWIS]:       Yes, ma'am.

"THE COURT:  Anything else?

"[LEWIS]:          I don't understand the legal parts about it.  I don't want to take the plea.

"THE COURT:  I appreciate your comments, sir.  Changing your mind or deciding that at this point in time I don't want to take the plea, is not a legal basis to withdraw your plea.  So I concur with [defense counsel's] earlier comments that there's not a legal basis to bring a motion, so I'm going to deny your request."

Defense counsel also responded to a statement in the probation report attributed to Lewis.  The probation report stated, in essence, that one reason Lewis entered into the plea agreement was because he was concerned with the possibility that the death penalty would be imposed.  Defense counsel clarified Lewis never faced the death penalty, and he (defense counsel) never advised Lewis that the death penalty was a potential risk in the case.  The trial court noted the information did not contain a special circumstance allegation, confirming the death penalty was never an option in the case.  The trial court then sentenced Lewis to the agreed-upon term of 21 years in prison.

Lewis's notice of appeal included a request for a certificate of probable cause, which was granted by the trial court.  The ground for challenging the judgment was, in essence, that Lewis was incompetent to enter into a plea, and therefore the trial court erred in denying his motion to withdraw his plea.  Lewis attributed his incompetence, at least in part, to brain damage he suffered as a child (described in the request as "frontal lobe brain damage").

## DISCUSSION

Section 1237.5 states:  "*No appeal* shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere ... except where both of the following are met:  [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings.  [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk

4.

of the court." (Italics added.) "The trial court must issue the certificate if the defendant's statement under section 1237.5 presents 'any cognizable issue for appeal which is not *clearly* frivolous and vexatious ….' [Citation.] The defendant's statement need not list every potential issue; if the trial court issues the certificate based on even a single nonfrivolous claim, the defendant may raise all of his or her claims on appeal—those that require a certificate as well as those that do not—even if they were not identified in the statement filed with the trial court." (*People v. Johnson* (2009) 47 Cal.4th 668, 676.)

Our review of the record does not reveal any meritorious grounds for appeal. To the extent Lewis might argue the trial court abused its discretion when it denied his motion to withdraw his plea, we note that it has long been the rule that pleas are not set aside simply because a defendant changes his or her mind. (*In re Brown* (1973) 9 Cal.3d 679, 686, disapproved on other grounds in *People v. Mendez* (1999) 19 Cal.4th 1084, 1097-1098); *In re Vargas* (2000) 83 Cal.App.4th 1125, 1143.) The record unequivocally demonstrates that this is the only ground Lewis presented to the trial court to support his motion.

The ground identified in Lewis's request for a certificate of probable cause is not supported by the record on appeal. While Lewis claims he was incompetent to enter a guilty plea because of brain damage, there is nothing in the record to support this assertion. Defense counsel did not inform the trial court that he had doubts of Lewis's competence, implying there were none. Nor was Lewis examined by a qualified physician to document the alleged incompetence. Since our review is limited to the record before us (*People v. Neilson* (2007) 154 Cal.App.4th 1529, 1534), we must reject the claim that Lewis was incompetent to enter a plea in this case.[3]

---

[3]In the correspondence sent to this court, Lewis reiterated his claim of incompetence. The proper procedure for presenting such a claim would be a petition for a writ of habeas corpus in which Lewis could present additional evidence to support his claim.

Our review of the record did not identify any arguable issues.

## DISPOSITION

The judgment is affirmed.